101 F.3d 685
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
In re Georgiana H. JUNGELS, Debtor.
Georgiana H. JUNGELS, Appellant,
v.
STATE of New York, Appellee.
 No. 95-5092.
 United States Court of Appeals, Second Circuit.
 May 29, 1996.
 
 APPEARING FOR APPELLANT: Georgiana H. Jungels, pro se, Buffalo, NY.
 APPEARING FOR APPELLEE: Neal S. Mann, Assistant Attorney General for the State of New York, Buffalo, NY.
 W.D.N.Y.
 AFFIRMED.
 Before MESKILL and MINER, Circuit Judges, and LASKER,* District Judge.
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Western District of New York, it is hereby
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 This cause came on to be heard on the transcript of record and was submitted.
 Plaintiff-appellant Georgiana Jungels appeals pro se from a judgment entered in the United States District Court for the Western District of New York (Elfvin, J.) affirming an order, entered in the United States Bankruptcy Court, that closed Jungels' Chapter 13 bankruptcy case.
 
 
 1
 On January 21, 1992, Jungels filed a voluntary petition for bankruptcy. On January 27, 1992, Jungels was ordered by the bankruptcy court to pay $100 per week to an appointed trustee for the adjustment of her debts. The January 27th order stated, in part, "that all earnings and wages of the debtor ... be paid to the aforesaid debtor in accordance with the employer's usual payroll procedures." Jungels sent a copy of the January 27th order to her employer, Buffalo State College, and requested that it release all of the salary and benefits that had been unjustly withheld from her so that she could make the payments ordered by the bankruptcy court. Buffalo State directed Jungels' request to the Office of the State Comptroller. The State Comptroller determined that Jungels currently was under suspension without pay from Buffalo State, and therefore that Buffalo State did not owe her any money. Jungels then made the payments to the trustee herself.
 
 
 2
 On March 17, 1995, the trustee issued a final report and account, indicating total payments in the amount of $18,736 and finding that Jungels was entitled to a discharge. The report also showed that a "priority" disbursement had been made to the Internal Revenue Service ("IRS") in the amount of $971.15. By a June 21, 1995 order, the bankruptcy court discharged Jungels from bankruptcy and closed the estate. At a June 26, 1995 hearing on the discharge order, Jungels alleged that she was improperly discharged from bankruptcy, and that Buffalo State wrongfully withheld money from her, in violation of the January 27th order. Jungels also claimed that she should be refunded the $971.15 that the appointed trustee had paid to the IRS. The bankruptcy court dismissed Jungels' claims.
 
 
 3
 On September 15, 1995, Jungels appealed the bankruptcy court's decision to the district court. The district court construed Jungels' appeal as a challenge to the bankruptcy court's discharge order. The district court determined that Jungels did not wish to be discharged from bankruptcy because she was concerned that the discharge might preclude her from bringing claims in two actions that she had commenced against Buffalo State. The district court found that the bankruptcy court correctly had determined that its discharge order extended no further than Jungle's bankruptcy proceeding and that she would not be prejudiced by the order in her actions against Buffalo State. This appeal followed.
 
 
 4
 Our review of the district court's decision is plenary. In re Prudential Lines, Inc., 928 F.2d 565, 568 (2d Cir.), cert. denied, 502 U.S. 821 (1991). We will not set aside the bankruptcy court's findings of fact unless they are shown to be clearly erroneous. In re Manville Forest Prods. Corp., 896 F.2d 1384, 1388 (2d Cir.1990).
 
 
 5
 Jungels incorrectly believes that the January 27th order of the bankruptcy court had the effect of forcing Buffalo State to release wages allegedly owed to her. Consequently, she believes that an order of discharge will estop her employer from paying the withheld wages. However, the January 27th order cannot be construed as ordering Buffalo State or any other party to pay money to Jungels. Furthermore, the question of whether she is owed money by Buffalo State currently is being litigated in another forum where she can obtain appropriate relief.
 
 
 6
 Jungels also alleges in vague terms that the $971.15 payment to the IRS was improper and that the trustee should refund the payment to Jungels. A tax deficiency determination by the IRS is presumed to be correct in a judicial proceeding, and the taxpayer bears the burden of proving by a preponderance of the evidence that the determination is erroneous. Schaffer v. Commissioner of Internal Revenue, 779 F.2d 849, 857-58 (2d Cir.1985). Because Jungels has not proven that the determination by the IRS was invalid or improperly calculated, this claim was properly dismissed.
 
 
 
 *
 The Honorable Morris E. Lasker of the United States District Court for the Southern District of New York, sitting by designation